UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FELIPE LUGO,**

    **Plaintiff,**

v.                                        CASE NO.:

**PHOENIX AMERICAN**
**MEDICAL, LLC,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Felipe Lugo, by and through undersigned counsel, brings this action against Defendant, Phoenix American Medical, LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hernando County, Florida.

## PARTIES

4. Plaintiff is a resident of Highlands County, Florida, and he worked in Hernando County for Defendant.

5. Defendant operates a medical practice in Hernando County, Florida.

## GENERAL ALLEGATIONS

6. At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

## FACTS

14. Plaintiff began working for Defendant on or around November 2018.

15. On or around June, 2021, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

16. Also in June 2021, Plaintiff was a qualified individual with a disability who could perform the essential functions of his job with or without a reasonable accommodation.

17. Plaintiff continued to work by seeing patients up until June 23, 2021, and completed notes and labs until June 29, 2021.

18. On or about June 28, 2021, Plaintiff asked Defendant to a meeting with Human Resources, Defendant's President, the Office Manager, and two (2) other co-workers.

19. Plaintiff disclosed to all those present at the meeting on June 28, 2021, that he was suffering from a medical condition and needed time.

20. Not knowing about FMLA, Plaintiff offered his resignation, but Defendant did not accept it and instead offered Plaintiff a leave of absence. Plaintiff readily agreed that a leave of absence was needed and accepted the accommodation.

21. On June 29, 2021, Plaintiff provided a written request for a leave of absence to Pamela Stranger (Stranger), Defendant's Office Manager, to confirm the Parties' agreement at the June 28th meeting.

22. Though Defendant's Human Resources was present during the meeting, Defendant did not offer Plaintiff FMLA or any information about FMLA.

23. On or about June 28, 2021, Defendant's Chief Executive Officer, Mirza Baig (Baig), texted Plaintiff and asked if he could call Plaintiff. However, Plaintiff could not talk at the time and asked to speak the next day, to which Baig agreed.

24. On or about June 29, 2021 Baig sent an email to Plaintiff stating that Defendant was revoking the leave of absence extended to Plaintiff at the June 28th meeting.

25. Baig informed Plaintiff in the email that Defendant wanted, instead, for Plaintiff to resign effectively immediately.

26. Plaintiff responded to Baig by telling him that he had revoked his resignation when he accepted the Defendant's offer for a leave of absence and had already followed through with the formal request to Stranger.

27. On or about July 1, 2021, Plaintiff contacted Baig to schedule a meeting to discuss the confusion Baig had created.

28. On or about July 2, 2021, Plaintiff met with Defendant's Human Resources, Defendant's President, Dr. Patriksith Singh (Singh), Baig, and two (2) other unknown individuals.

29. Plaintiff sought clarification of what Defendant wanted from Plaintiff while Dr. Singh berated and raised his voice at Plaintiff.

30. Singh informed Plaintiff at the meeting that Plaintiff would have to submit his request for leave of absence again so that Defendant's lawyer could review it.

31. On or about July 8, 2021, Defendant's Human Resources sent Plaintiff a letter stating that Defendant was forced to staff the location

5

where he "formerly worked" with another physician and that Plaintiff would be re-assigned to another office. Defendant further informed Plaintiff that he would need to contact Defendant forty-eight hours before returning to work, and only then would Defendant inform Plaintiff of his new office location.

32. Upon information and belief, Defendant's July 8th letter contained falsehoods that another physician had been assigned to Plaintiff's office during the time alleged by Defendant.

33. On or about July 9, 2021, Plaintiff wrote to Defendant and objected to his relocation to another office and that he had not "failed to return to work" on the dates alleged in Defendant's July 8th letter.

34. On or about July 9, 2021, Plaintiff received an email from Defendant's counsel stating all communication from Plaintiff to Defendant must go through him.

35. On or about July 16, 2021, Plaintiff obtained the FMLA certification forms from United States Department of Labor's website – not from Defendant.

36. On or about July 16, 2021, Plaintiff submitted proper medical documentation to Defendant in support of his FMLA leave request to care for himself.

37. On or about July 18, 2021, Plaintiff's employment was terminated for excessive absences from work that should have been protected by the FMLA.

38. Plaintiff exercised his rights under the FMLA by requesting leave.

39. By terminating Plaintiff's employment, Defendant violated Plaintiff's rights under the FMLA.

40. Plaintiff's request for a leave of absence was also a request for a reasonable accommodation.

41. Defendant unreasonably failed to engage in the interactive process that would have resulted in a reasonable accommodation for Plaintiff.

42. Plaintiff's request for a leave of absence also constitutes protected activity under the ADA and FCRA.

## **COUNT I – FMLA INTERFERENCE**

43. Plaintiff realleges and readopts the allegations of paragraphs 1-8 and 11-39 of this Complaint, as fully set forth herein.

44. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

45. By not offering FMLA protected leave and terminating his employment for FMLA protected absences, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

46. Defendant's actions were willful and done with malice.

47. Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of

        Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)    Front pay;

(f)    Liquidated Damages;

(g)    Prejudgment interest on all monetary recovery obtained;

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

48. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-8 and 11-39 of this Complaint, as fully set forth herein.

49. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

50. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise his FMLA rights.

51. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

52. Defendant's actions were willful and done with malice.

53. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant ;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

  (h) All costs and attorney's fees incurred in prosecuting these claims; and

  (i) For such further relief as this Court deems just and equitable.

### COUNT III—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

54. Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 9, 11-37 and 40-42 of this Complaint, as though fully set forth herein.

55. Plaintiff is disabled, or was perceived by Defendant as being disabled.

56. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issues and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of law enumerated herein;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained;

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT IV – ADA RETALIATION

59. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 9, 11-37, and 40-42 of this Complaint, as though fully set forth herein.

60. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

61. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

62. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

63. Defendant's actions were willful and done with malice.

64. The adverse employment action that Defendant took against Plaintiff was material.

65. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## **COUNT V—FCRA VIOLATION**
## **(DENIAL OF REASONABLE ACCOMMODATION)**

66.    Plaintiff realleges and readopts the allegations of Paragraphs 1-5, 10-37 and 40-42 of this Complaint, as though fully set forth herein.

67.    Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

68. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

69. Defendant's actions were willful and done with malice.

70. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

      i) All costs and attorney's fees incurred in prosecuting these claims; and

      j) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

71. Plaintiff realleges and readopts the allegations of paragraphs 1-5, 10-37, and 40-42 of this Complaint, as though fully set forth herein.

72. Plaintiff is a member of a protected class under the FCRA.

73. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

74. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

75. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

76. Defendant's actions were willful and done with malice.

77. Defendant took material adverse action against Plaintiff.

78. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of April, 2022.

        Respectfully submitted,

        */s/ Brandon J. Hill*
        **BRANDON J. HILL**
        Florida Bar Number: 0037061
        Direct Dial: 813-337-7992
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Attorneys for Plaintiff**